Filed 1/2/24  P. v. Lewis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C097765 |
| Plaintiff and Respondent, | |
| | (Super. Ct. Nos. STKCRFECOD20090005429, SF110732A) |
| v. | |
| JOEL LADON LEWIS, | |
| Defendant and Appellant. | |

In June 2017, a jury found defendant Joel Lewis guilty of first degree murder and found true a special circumstance that the murder was committed during the commission of a robbery.  This court affirmed that conviction in May 2021, finding, among other things, that substantial evidence supported the jury's finding on the special circumstance. (*People v. Lewis* (May 18, 2021, C085621) [nonpub. opn.] (*Lewis*).)  Defendant later

1

petitioned the trial court for resentencing pursuant to Penal Code section 1172.6.[1] Relying on our prior decision, the trial court denied the petition, finding defendant was precluded from relief as a matter of law.

On appeal, defendant contends the trial court erred and he is entitled to an evidentiary hearing. We agree; we will reverse the trial court's order and remand the matter for further proceedings under section 1172.6, subdivision (d).

## BACKGROUND

On January 22, 2009, the People charged defendant with first degree murder (§ 187, subd. (a)) committed during the commission of a robbery (§ 190.2, subd. (a)(17)(A)), 10 counts of second degree robbery (§ 211), four counts of attempted murder with premeditation (§§ 187, 664), two counts of illegal possession of a firearm (§ 12021, subd. (e)), negligent discharge of a firearm (§ 246), burglary (§ 459), and resisting arrest (§ 148). The People also alleged multiple firearm enhancements. (§§ 12022, subd. (a)(1), 12022.5, subd. (a)(1), 12022.53, subd. (b).)

A jury found defendant guilty on most counts, including murder and the special circumstance allegation. In April 2015, this court reversed that judgment.

In June 2017, a second jury found defendant guilty of first degree murder, two counts of robbery, one count of illegal possession of a firearm, and one count of resisting arrest. (*Lewis*, *supra*, C085621.) The jury also found true the robbery-murder special circumstance, though the trial court's instructions on the special circumstance did not

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.)

include the *Banks/Clark* factors.[2][3]  (*Ibid.*)  The remaining charges and allegations were dismissed, and the trial court sentenced defendant to life without the possibility of parole, with additional concurrent and consecutive terms for defendant's other convictions. (*Ibid.*)

Defendant appealed the judgment.  On direct appeal, defendant argued, among other things, there was insufficient evidence to sustain the jury's true finding on the robbery-murder special circumstance.  (*Lewis*, *supra*, C085621.)  In May 2021, we determined there was sufficient evidence to support the jury's true finding that defendant was either the actual killer or a major participant in the robbery who acted with reckless indifference to human life.  We affirmed the judgment accordingly.  (*Ibid.*)

On March 7, 2022, defendant petitioned the trial court for resentencing under section 1172.6.  The trial court denied the petition:  "Okay.  So many of these cases that have been decided regarding these resentencings had to do with a lot of the court's relying on the special circumstance finding and summarily denying these petitions.  And the court of appeals [*sic*] has been very clear that any finding pre-Banks and Clark is -- means that we can't rely on a special circumstance finding.  So that being said, this opinion by the third was clearly done after Banks and Clark.  And they did an analysis, mentioning Banks and Clark.  And they went through their analysis saying [that] . . . either [as] an actual killer or as an aider and abettor, there was sufficient evidence to find that the defendant was a major participant [who] acted with reckless indifference to human life.  That's in the opinion.  And again, with the benefit of Banks and Clark . . .

---

**2**    *People v. Banks* (2015) 61 Cal.4th 788, 803-808 [identifying factors to guide juries on finding whether defendant was a "major participant"].  *People v. Clark* (2016) 63 Cal.4th 522, 614-620 [identifying factors to guide juries on whether a defendant acted with "reckless disregard"].

**3**    On the court's own motion, we incorporate by reference the record in defendant's direct appeal, *Lewis*, *supra*, C085621.

the opinion is clear, it was made after the benefit of Banks and Clark and analyzed under Banks and Clark and found that there was sufficient evidence to find again the defendant was a major participant [who] acted with reckless indifference.

"So that is my ruling. Based on the record of conviction, I'm going to find that the defendant has not head [*sic*] a prima facie hearing [*sic*]."

Defendant appeals from that order.

DISCUSSION

Defendant argues the trial court erred when it relied on this court's prior opinion to summarily deny his petition for resentencing. We agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) added former section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (Former § 1170.95, subd. (a); Stats. 2018, ch. 1015, § 4.) The now renumbered section 1172.6, subdivision (a) allows a petitioner to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced . . . when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (c) of section 1172.6 sets forth the process for the trial court to consider such a petition. Under section 1172.6, subdivision (c), the court reviews the petition to determine if the petitioner has made a prima facie showing that the petitioner is entitled to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957-958.) "If the petitioner

4

makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

Our Supreme Court has explained that subdivision (c) requires "only a single prima facie showing." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 962.) In the prima facie stage, "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*People v. Lewis*, at p. 972.) " '[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

After the trial court's decision, our Supreme Court issued its decision in *People v. Strong* (2022) 13 Cal.5th 698, which concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill [No.] 1437." (*Strong*, at p. 710.)

Considering the issue in the context of issue preclusion, the court observed, "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue. Our earlier discussion of habeas corpus petitioners who have obtained relief from their felony-murder special circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. Senate Bill [No.] 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(3).) A pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the

5

finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*People v. Strong*, *supra*, 13 Cal.5th at pp. 717-718.)

Our Supreme Court also considered whether "a court may reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*People v. Strong*, *supra*, 13 Cal.5th at p. 719.) Noting the differences between pre- and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court observed the changes may "have altered what evidence defense counsel would have sought to introduce . . . , might have fundamentally altered trial strategies" (*ibid*.), and may have affected what jury instructions were requested or given (*id*. at pp. 719-720). "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Strong*, at p. 720.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.)

Here, defendant's second trial happened after *Banks* and *Clark* were decided but the jury made its true finding without the benefit of the *Banks/Clark* factors. Accordingly, neither the jury's true finding, nor our conclusion that there was sufficient evidence to support that finding, preclude defendant's eligibility for relief as a matter of law. We must, therefore, reverse the order denying defendant's petition.

DISPOSITION

The trial court's order denying defendant's petition is reversed.  The matter is remanded to the trial court for issuance of an order to show cause and to conduct further proceedings consistent with section 1172.6, subdivision (d).


                                                                          /s/
                                                                 Keithley, J.[*]

We concur:


     /s/
Hull, Acting P. J.


     /s/
Renner, J.

---

[*]    Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.